## SHALER CO. v. INTERSTATE ELECTRIC CO.

### Nos. 14292, 14423.

Court of Appeal of Louisiana. Orleans.

March 13, 1933.

Lemle, Moreno & Lemle, of New Orleans, for appellant.

John D. Schmidt, Jr., and Spearing & McClendon, all of New Orleans, for appellee.

WESTERFIELD, Judge.

The Shaler Company, a Wisconsin corporation, sued the Interstate Electric Company of New Orleans on two trade acceptances of $400 each. The defendant answered admitting that the acceptances were past due and unpaid, but denied that plaintiff was the holder and owner thereof, and by way of offset or compensation, pleaded an item of $58.79 as an overcharge of 5 per cent. on certain merchandise which had been purchased and a further offset of $175.00 because of the alleged failure of the plaintiff to pay that amount in accordance with its agreement to be distributed among the salesmen of defendant "in a prize contest to stimulate sales of petitioner's goods."

Following the filing of defendant's answer, plaintiff took a rule for judgment upon the face of the papers in accordance with the provisions of Act No. 27 of 1926, upon the ground that the answer amounted to an admission of the indebtedness, for the reason that the sums pleaded in compensation could not properly be the subject of compensation, as they were not equally liquidated, and on the further ground that the two claims attempted to be compensated against the trade acceptances were not set forth in sufficient detail to permit of the introduction of proof in support and substantiation thereof. The rule was made absolute to the extent of $566.21, and judgment entered accordingly. Thereafter, when the case was tried upon its merits, counsel for plaintiff objected to the

introduction of any evidence tendered in support of the two claims pleaded in compensation on the ground that the pleadings with reference to the said claims were so vague and indefinite as to prevent the taking of evidence thereon.

This objection was sustained by the district judge in the following words: "It seems to me that the objection that the answer is too vague to support proof is good."

Thereupon judgment for the additional sum of $233.79 was rendered. Appeals were taken from both judgments, and the two appeals consolidated in this court for convenience in argument.

Counsel for defendant has admitted in this court that the first judgment, that for $566.21, is correct; consequently we are only concerned with the propriety of the second judgment, that for $233.79, which was rendered following a hearing upon the merits of the case.

A reading of the answer shows that practically no details with reference to the claims pleaded in compensation are given, and we feel that our brother below was correct when, in referring to the absence from the said answer of all details, he said to defendant's counsel: "You give no details. You don't say who represented Shaler or the Interstate Electric Company. You don't say whether it is oral or in writing. As a matter of fact, there is no detail at all given."

We are not prepared to say that the appeals were frivolous and were taken merely to obtain delay, and therefore have concluded not to award the penalty prayed for by appellee.

The judgment rendered on May 9, 1932, awarding plaintiff $566.21, is affirmed at the cost of appellant; and the judgment rendered on October 10, 1932, for $233.79, is affirmed at the cost of appellant.

Judgment affirmed.